Bruce D. Katz, Esq. (BK2041)
Bruce D. Katz & Associates
225 Broadway – 37th Floor
New York, NY 10007
(212)233-3434

*Attorneys for Plaintiff*
Harstell Corp. (d/b/a Oasis Day Spa)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| HARSTELL CORP., | ) | ECF CASE |
| d/b/a OASIS DAY SPA, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| HAERI LEE's NAIL CORP. d/b/a | ) | |
| OASIS SPA, C. LEE, HAERI LEE | ) | |
| and LEE CHANG, | ) | |
| | ) | |
| Defendants. | ) | |

_____)

    Plaintiff, Harstell Corp., by its undersigned counsel, as and for its Complaint herein, alleges:

<u>**INTRODUCTION**</u>

    1. This is an action for (1) enforcement of a Consent Judgment "so ordered" on January 20, 2005, (2) an Order of Contempt for violation of the Consent Judgment, (3) Trademark infringement and unfair competition, brought under Title 15 U.S.C. §§1121 and 1125(a), and (4) deceptive trade practices and trademark dilution, brought under the General Business Law of New York. Despite entering into the January 20, 2005 Consent Judgment, defendants are continuing to infringe Plaintiff's trademark rights by using the words OASIS and SPA in combination, which is confusingly similar to Plaintiff's Oasis Day Spa mark. Accordingly,

Plaintiff seeks an Order enforcing the Consent Judgment, finding Defendants in contempt of the Consent Judgment, and granting Plaintiff injunctive relief, an order of its actual damages, all profits earned by defendants' unlawful and malicious infringement of plaintiff's rights, attorneys' fees, enhanced and punitive damages, costs and expert witness fees for defendants' violation of plaintiff's rights.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under Title 15 U.S.C. §1121, and Title 28 U.S.C. §1338. This action arises under the Trademark Act of July 5, 1946, 15 U.S.C. §1051 *et seq.*, as amended, under the Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202, in that plaintiff seeks a declaration that defendants are in contempt for their willful violation of the January 20, 2005 Consent Judgment, and under New York State law relating to breach of contract, trademarks, unfair competition, fraud, misrepresentation, antidilution, and deceptive trade practices, which state claims are substantial and related to the Federal trademark claims.

3.  Venue is proper in this judicial district in that the defendants are currently found within the Southern District of New York and, at the time of the commission of the acts herein alleged, were found in the Southern District of New York; the defendants transact business within the Southern District of New York or, and the time of the commission of the acts herein alleged, transacted business within the Southern District of New York; and, as shown herein, acts and transactions constituting violations have occurred within the Southern District of New York.

## GRAVAMEN OF THE COMPLAINT

4.  This action arises as a result of various wrongful acts by the defendants who, acting in concert, have wrongfully appropriated the plaintiff's famous trademark and trade name OASIS

DAY SPA and thereby engaged in passing themselves off as being affiliated with and/or sponsored by the plaintiff.

5.  On August 3, 2004, Plaintiff commenced an action in this Court against the defendants herein for, *inter alia,* trademark infringement, alleging that defendants' use of the mark OASIS SPA infringed Plaintiff's rights in its OASIS DAY SPA trademark.  That action was assigned Docket No. 1:04-CV-05987- LTS.  The parties subsequently agreed to settle the case and Plaintiff dismissed it voluntarily.  In order to settle the trademark infringement case related to defendants' infringing use of the mark OASIS SPA, defendants entered into a Consent Judgment that was "so ordered" by Judge Swain on January 20, 2005.  A copy of the Consent Judgment is attached hereto as **Exhibit A**.

6.  The Consent Judgment requires that defendants not use any name or mark confusingly similar to Plaintiff's OASIS DAY SPA trademark, and, specifically, not use the words OASIS and SPA in combination, or any other words or marks that would likely cause confusion, mistake, or give the impression that defendants' products or services are affiliated with those of Plaintiff.

7.  Despite the January 20, 2005 Consent Judgment, defendants have continued to operate a business in at least one location in midtown Manhattan known as OASIS NAIL SPA, whose business purpose is providing retail services, namely nail care, massages and facials under the name OASIS NAIL SPA, which creates an unlawful and false association with plaintiff's famous trademark and trade name OASIS DAY SPA.

8.  Defendants' use of the name OASIS NAIL SPA for its nail salon is a continuing wrong that deceives Plaintiff's customers and the general public at large into falsely believing in the existence of an affiliation between Plaintiff and defendants.  Moreover, defendants' use of the

name "SPA" deceives the consuming public into falsely believing that defendants' business is a "spa" when, in fact, it is merely a nail salon that offers facials and massages but <u>not</u> spa treatments.

## <u>THE PARTIES</u>

9.  Plaintiff Harstell Corp. is a corporation duly organized and existing under the laws of the State of New York and having a principal place of business located at 1 Park Avenue, New York, New York, 10016.

10.  Upon information and belief, at all times relevant herein, corporate defendant Haeri Lee's Nail Corp. is a corporation organized and existing under the laws of the State of New York, having a principle place of business at 1162 Second Avenue, New York, New York, 10021 and doing business under the name OASIS NAIL SPA.

11.  Upon information and belief, at all times relevant herein, individual defendants Haeri Lee and C. Lee are: (a) individuals residing in the State of New York; (b) officers of defendant Haeri Lee's Nail Corp.; and (c) have directed the infringing activities of defendant Haeri Lee's Nail Corp. in this judicial district, with knowledge that said acts were infringing and contemptuous.

12.  Upon information and belief, at all times relevant herein, individual defendant Lee Chang is a: (a) an individual residing in the State of New York; (b) the owner of the premises where the infringing activities are occurring; and (c) has directed the infringing activities of defendant Haeri Lee's Nail Corp. in this judicial district with knowledge that said acts were infringing.

## THE "OASIS DAY SPA" TRADEMARK

13.  For many years, and since long prior to the acts of defendants complained of herein, Plaintiff has been engaged in the retail spa business in New York City under the trademarks, tradenames and service marks OASIS DAY SPA, OASIS ON PARK and OASIS (hereinafter collectively referred to as "the OASIS DAY SPA mark").

14.  For many years and since long prior to the acts of defendants complained of herein, Plaintiff has been the owner of the OASIS DAY SPA mark, which has been used continuously by plaintiff on and in connection with the advertising, promotion and sale of retail spa services and related goods and services in interstate, intrastate, and foreign commerce including commerce in the State of New York and in this judicial district.

15.  As a result of Plaintiff's extensive advertising and promotion and concomitant widespread sales; the care and skill utilized in the services and goods it provides; the uniform quality of its services and goods sold under or in connection with its OASIS DAY SPA mark; and the public acceptance thereof, said goods and services have acquired a fine and distinctive reputation.  Plaintiff's OASIS DAY SPA mark has acquired outstanding celebrity symbolizing the extremely valuable goodwill which Plaintiff has created throughout the city of New York, the United States, and the world, by the sale of spa services and related goods of excellent, dependable quality and by its fair and honorable dealing with the trade and public in the sale of such services and related goods.

16.  Plaintiff services and goods, sold under the OASIS DAY SPA mark, have been and are now recognized by the trade and public as those of plaintiff exclusively.

## COUNT I

### FEDERAL COMMON LAW TRADEMARK
### INFRINGEMENT, UNFAIR COMPETITION AND DILUTION

17.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-16 herein.

18.  Upon information and belief, defendants have individually and in concert knowingly advertised, offered for sale and sold services under the infringing name OASIS NAIL SPA in interstate and intrastate commerce including commerce in the State of New York and in this judicial district.

19.  Upon information and belief, the use by defendants of the name OASIS NAIL SPA on and in connection with the offering for sale and sale of nail salon services is likely to cause confusion, or to cause mistake, or to deceive.

20.  Defendants' use of a colorable imitation of the OASIS DAY SPA mark creates a likelihood that a false and unfair association will be made between the services of defendants and those of Plaintiff in that the trade and purchasing public are likely to believe that defendants and defendants' services are connected with or associated with or sponsored by Plaintiff.

21.  Upon information and belief, defendants, by their acts complained of herein, have infringed Plaintiff's common-law trademark rights as aforesaid; have competed unfairly with plaintiff; and have otherwise used the reputation and goodwill of Plaintiff to offer for sale and sell defendants' services which are not sponsored or approved by, or connected with Plaintiff, and which are dramatically inferior to those offered by Plaintiff.

22.  Upon information and belief, defendants' acts herein alleged tend to dilute and reduce the association between Plaintiff and its OASIS DAY SPA mark and to injure the business reputation of Plaintiff and to dilute the distinctive quality of Plaintiff's OASIS DAY SPA mark.

23.  Upon information and belief, defendants' acts are deliberate, willful, and malicious and have been and are being committed with the purpose and intent to cause injury to Plaintiff and its property rights in the OASIS DAY SPA mark and to cause confusion, to cause mistake, and to deceive, and to appropriate and trade upon Plaintiff's goodwill and reputation which are symbolized by Plaintiff's OASIS DAY SPA mark, and to pass off defendants and defendants' services as and for Plaintiff and the services of Plaintiff herein.

24.  Upon information and belief, defendants, by offering inferior services under a virtually identical trademark at prices far below the value of Plaintiff's authentic services, have damaged Plaintiff's relations with its established retail and wholesale customers, reduced the demand for Plaintiff's services, and seriously injured Plaintiff's reputation.

25.  Upon information and belief, defendants are now committing the acts above alleged and threaten to continue and expand the same.

26.  By reason of defendants' acts herein alleged, Plaintiff has suffered serious damage and, unless defendants are restrained from continuing their wrongful acts, the damage to Plaintiff, which is irreparable, will increase.

27.  Upon information and belief, by their acts complained of herein, defendants have made substantial profits to which they are not in equity entitled.

28.  Plaintiff has no adequate remedy at law.

## COUNT II
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

29.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-28 above.

30. Defendants' acts, as aforesaid, constitute a false designation and description as to the origin, quality, and characteristics of defendants' services.

31. Upon information and belief, defendants, with knowledge of the said falsity of their acts, have caused their services to be offered and/or sold in interstate commerce.

32. Defendants' wrongful acts, as described above, have harmed Plaintiff's reputation, diverted sales from Plaintiff, and severely damaged Plaintiff's goodwill.

33. Defendants' acts, as described above, constitute a violation of Section 1125(a) of the Trademark Act of 1946 (15 U.S.C. 1051 *et seq*.) ("The Lanham Act").

34. Unless defendants are immediately enjoined and restrained herein, the damage to Plaintiff, which is irreparable, will continue and be increased.

35. Plaintiff has no adequate remedy at law.

## COUNT III

### DECEPTIVE TRADE PRACTICES AND TRADEMARK DILUTION UNDER NEW YORK LAW

36. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-35 above.

37. Upon information and belief, the acts of defendants violate Section 368(d) of the General Business Law of New York in that they constitute deceptive trade practices and are likely to dilute the distinctive quality of Plaintiff's OASIS DAY SPA mark which Plaintiff has carefully built up for many years.

38. Plaintiff has no adequate remedy at law.

## COUNT IV

### ENFORCEMENT OF CONSENT JUDGMENT AND
### ORDER FINDING DEFENDANTS IN CONTEMPT THEREOF

39.  Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1-38 above.

40.  The above-described acts of defendants are in violation of the January 20, 2005 Consent Judgment, which prohibited defendants from using the words OASIS and SPA in combination.

41.  By virtue of the foregoing, defendants have caused Plaintiffs to lose sales and suffer other injuries for which it is entitled to recover compensatory damages.  In addition, defendants' acts are causing and continue to cause Plaintiff irreparable harm in the nature of lost sales and revenue, loss of control over its reputation and loss of substantial consumer goodwill.  This irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until defendants' unlawful conduct is enjoined by this Court.

42.  Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment:

1.  That defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be enjoined and restrained, at first during the pendency of this action and, thereafter, perpetually:

(a)  from using in any manner the words OASIS and SPA in combination, or using any word or words which so resemble said words as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product or service;

(b)  from committing any acts calculated to cause purchasers to believe that defendants' services are those offered under the control and supervision of Plaintiff, or sponsored or approved by, or

connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

(c)  from further diluting and infringing Plaintiff's OASIS DAY SPA mark and damaging its goodwill; and

(d)  from otherwise competing unfairly with Plaintiff in any manner.

2.  That defendants be required to forthwith deliver up to Plaintiff any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional materials, and other materials in the possession of defendants or under their control bearing the words OASIS and SPA in combination.

3.  That defendants be required to forthwith deliver up for destruction their signage and entire inventory of products bearing the aforesaid infringing trademark.

4.  That defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon plaintiff a written report under oath setting forth in detail the manner in which defendants have complied with paragraphs 1 through 3, supra.

5.  That defendants account for and pay over to Plaintiff all profits realized by defendants by reason of defendants' unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

6.  That Plaintiff be awarded actual damages of $1,000,000.00 and punitive damages in the amount $5,000,000.00.

7.  That Plaintiff be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues that are so triable.

Dated: New York, New York                    Respectfully submitted,
       April 18, 2007


BRUCE D. KATZ & ASSOCIATES.



By:     _/s/_____
        Bruce D. Katz, Esq. (BK2041)
        225 Broadway – 37th Floor
        New York, NY 10007
        (212)233-3434

        *Attorneys for Plaintiff*
        Harstell Corp. (d/b/a Oasis Day Spa)

# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/21/05
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HARSTELL CORP.,                              )
d/b/a OASIS DAY SPA,                         )
                                             )
                Plaintiff,                   )        HON. LAURA TAYLOR SWAIN
                                             )        CIVIL ACTION NO
        v.                                   )        04-CV-05987(LTS
                                             )        ECF CASE
HAERI LEE's NAIL CORP. d/b/a                 )
OASIS SPA, C. LEE, HAERI LEE,                )
and LEE CHANG,                               )
                                             )
                Defendants.                  )
_____     )

## CONSENT ORDER AND JUDGMENT

        Upon the consent and agreement of Plaintiff, Harstell Corp. d/b/a Oasis Day

Spa, and Defendants, Haeri Lee's Nail Corp. d/b/a Oasis Spa, C. Lee, Haeri Lee and Lee

Chang, and the Court being fully and sufficiently advised in the premises:

        WHEREAS, the plaintiff has filed a Complaint in this action charging the

defendants with federal trademark infringement, federal unfair competition, federal trademark

dilution, false designation of origin, common law trademark and trade name infringement, by

virtue of its use of the OASIS SPA trademark and trade name, in violation of the laws of the

United States and the State of New York; AND

        WHEREAS, defendants recognize and acknowledge the rights of the plaintiff in

its trademarks and trade name; AND

        WHEREAS, the parties desire to settle all matters in dispute between them, in

relation to the above-captioned litigation.

 Accordingly, it is hereby stipulated by the parties by the attorneys of record for all the parties

to the above entitled action, that:  It is hereby;

ORDERED, ADJUDGED and DECREED that:

1.  This Court has jurisdiction over the subject matter of this action pursuant to Title 15 U.S.C. §1121, and Title 28 U.S.C. §1338.  This Court also has jurisdiction over the parties. Venue is proper in this judicial district.

2.  Plaintiff's trademarks which were the subject of the Complaint, are valid, enforceable, and have been infringed by the defendants.

3.  Defendants, Haeri Lee's Nail Corp., C. Lee, Haeri Lee and Lee Chang, and each of their principals, officers, agents, servants, employees, suppliers, attorneys, successors and assigns, and all persons in active concert, participation and privity with them, are preliminarily and permanently restrained and enjoined from using in any manner the words OASIS and SPA in combination, or using any word or words which so resemble said words as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product or service,  from committing any acts calculated to cause purchasers to believe that defendants' services are those offered under the control and supervision of plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the  control and supervision of plaintiff, and from further diluting and infringing plaintiff's OASIS DAY SPA mark and damaging its goodwill.

4.  The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement of this Judgment, including the injunctive relief provided or under this Consent Decree and Judgment, and the punishment of any violations thereof, including contempt.

-2-

5.  Each party is to bear its own legal costs and attorney's fees.

6.  Defendants agree to reimburse plaintiff for any costs or expenses incurred related to the enforcement of the entry of this judgment.

7.  This Consent Order and Judgment shall bind and inure to the benefit of all Parties hereto, and all their assigns and successors in interest.

8.  Upon entry of the Consent Judgment, the Complaint, as against each of the defendants shall be dismissed with prejudice

APPROVED AS TO FORM AND SUBSTANCE:

Date: November 28, 2004

KATZ & HOFFMAN, P.A.

BY: _____
Bruce D. Katz
225 Broadway - 37th Floor
New York, New York 10007
(212) 233-3576
Attorneys for Plaintiff
Harstell Corp. d/b/a OASIS DAY SPA

Date: November __, 2004

BY: _____
Russel F. Guba
233 Broadway
New York, New York 10279
(212) 233-0544
Attorney for Defendants
Haeri Lee's Nail Corp.,
C. Lee, Haeri Lee and
Lee Chang

SO ORDERED:

Date: 20 January 2005

_____
Hon. Laura Taylor Swain

-3-

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____